FILED

JUN 09 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN MITCHELL,<br><br>            Plaintiff,<br><br>    v.<br><br>D.W. BRADBURY, et al.,<br><br>            Defendants. | Case No. C 14-0863 PSG (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND DISMISSAL WITH LEAVE TO AMEND** |

Deshawn Mitchell, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The court has granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses several claims and defendants, and dismisses the remaining claims and defendant with leave to amend.

## DISCUSSION

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[1] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

---

[1] *See* 28 U.S.C. § 1915A(a).

defendant who is immune from such relief.[2] *Pro se* pleadings must, however, be liberally construed.[3]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[4]

B.  Plaintiff's Claims

On June 6, 2011, Mitchell was housed in the Security Housing Unit ("SHU") at Pelican Bay State Prison. On that day, Mitchell told Institutional Classification Committee ("ICC") Counselor V. Ryan that Mitchell owed some people $3500 and he would be afraid for his life if he was housed in General Population ("GP"). Mitchell further informed Ryan that he would no longer be able to program safely in GP and requested a housing change to the Sensitive Needs Yard ("SNY"). On July 5, 2011, Ryan responded that Mitchell's housing request would be reviewed.

On August 22, 2011, Mitchell repeated his request for re-housing to D. Melton. Melton told Mitchell that Mitchell should tell Institutional Gang Investigators ("IGI") that he wished to disassociate from the Crips. Mitchell did so, and on September 6, 2011, Mitchell spoke with K. Kocinski. Mitchell told Kocinski that he owed $3500 because he was found with drugs and cell phones, which had been confiscated, but those products had already been purchased by other inmates. Mitchell did not feel safe in GP and Mitchell wanted to be placed in the SNY. Kocinski responded that Mitchell's debt was not Kocinski's concern. Kocinski then told Mitchell that the only way Kocinski would recommend SNY placement was if Mitchell agreed to be a confidential informant. After Mitchell refused, Kocinski told him that Kocinski then would not be recommending SNY placement.

---

[2] *See* 28 U.S.C. § 1915A(b)(1), (2).

[3] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[4] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Case No. C 14-0863 PSG (PR)
ORDER OF PARTIAL DISMISSAL AND DISMISSAL WITH LEAVE TO AMEND

2

1    On September 21, 2011, Mitchell appeared before the ICC and was released from SHU. The ICC noted the investigation into Mitchell's safety concerns had been completed, but it could not find the report in Mitchell's Central File. As a result, Mitchell was placed in the Administrative Segregation Unit ("ASU"). In October 2011, Kocinski told the ICC that the memorandum detailing the investigation was in progress. Mitchell appeared before the ICC again, and the ICC noted that it still could not find the document of Kocinski's investigation. Mitchell therefore was kept in the ASU for another 60 days.

On December 28, 2011, Mitchell requested an interview with ICC Counselor A. Perez because, even though the 60 days had expired, Mitchell was still being housed in ASU, and Mitchell wanted to know when his next ICC appearance would be. Mitchell was told that his Central File was being worked on and he would be notified of a committee date. On March 13, 2012, Mitchell requested an interview and told Perez that six months had passed since the 60-day expiration date that ICC set, and Mitchell wanted to know when his next ICC appearance would be.

On April 15, 2012, ICC Counselor T. Still delivered a copy of Kocinski's confidential memorandum to Mitchell detailing the investigation of Mitchell's safety concerns. The memo was dated September 6, 2011. On April 18, 2012, Mitchell appeared before the ICC; Still admonished Mitchell for refusing to comply with Kocinski's demand to become a confidential informant. R. Cruse told Mitchell that if Mitchell did not comply he would be placed back in GP and suffer whatever may follow. ICC then kept Mitchell in the ASU for another 60 days.

On August 7, 2012, Sgt. Countess interviewed Mitchell regarding Mitchell's safety concerns in GP. Countess told Mitchell that he would endorse Mitchell for SNY placement. On August 8, 2012, Mitchell appeared before the ICC. During the hearing, the ICC stated that it had contacted Kocinski regarding a status update on a re-investigation that Kocinski was assigned to on April 18, 2012. Kocinski stated that he was unaware that he was assigned a reinvestigation, so it had not yet been done. On October 31, 2012, Mitchell appeared before the ICC and was endorsed for SNY placement.

Case No. C 14-0863 PSG (PR)
ORDER OF PARTIAL DISMISSAL AND DISMISSAL WITH LEAVE TO AMEND

3

1    This suit eventually followed. In his complaint, Mitchell claims that Kocinski's
2 "deliberate manipulation of established administrative segregative housing procedures are due to
3 [Mitchell's] exercising his right to be free from harm, defendant [] Kocinski is retaliating against
4 [Mitchell] unlawfully, in violation of [Mitchell's] right under the Eighth Amendment of the
5 United States Constitution."
6    A prison official violates the Eighth Amendment by depriving a prisoner of a basic
7 necessity when: (1) the deprivation alleged is objectively, sufficiently serious, and (2) the prison
8 official possesses a sufficiently culpable state of mind.[5] In determining whether a deprivation of
9 a basic necessity is sufficiently serious to satisfy the objective component of an Eighth
10 Amendment claim, a court must consider the circumstances, nature, and duration of the
11 deprivation. The more basic the need, the shorter the time it can be withheld.[6] For example,
12 substantial deprivations of shelter, food, drinking water or sanitation for four days are
13 sufficiently serious to satisfy the objective component of an Eighth Amendment claim.[7]
14 Mitchell's allegation that Kocinski purposely thwarted the prison's procedures for housing
15 placement does not give rise to an objective, sufficiently serious deprivation to state a cognizable
16 Eighth Amendment claim. An indeterminate sentence in administrative segregation, without
17 more, does not constitute cruel and unusual punishment in violation of the Eighth Amendment.[8]
18 Accordingly, to the extent Mitchell is attempting to raise an Eighth Amendment against
19 Kocinski, that claim is DISMISSED without leave to amend.
20    As Mitchell's claim is currently phrased, it is unclear whether Mitchell also is attempting

---

[5] *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991)).

[6] *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

[7] *See id.* at 732-33.

[8] *See Anderson v. County of Kern*, 45 F.3d 1310, 1315-16 (9th Cir. 1995) (no contact with any other inmate in administrative segregation, either for exercise, day room access or otherwise, is not cruel and unusual punishment).

Case No. C 14-0863 PSG (PR)
ORDER OF PARTIAL DISMISSAL AND DISMISSAL WITH LEAVE TO AMEND
4

to raise a First Amendment retaliation claim against Kocinski. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."[9] A prisoner must at least allege that he suffered harm, since harm that is more than minimal will almost always have a chilling effect.[10] Mitchell's complaint does not allege or imply that he suffered any harm, much less state what that harm was. Moreover, Mitchell does not allege that Kocinski's conduct chilled his right to exercise his First Amendment.[11] Nevertheless, because Mitchell's claim against Kocinski is unclear, Mitchell may file an amended complaint to state a cognizable claim against Kocinski.

Mitchell also names Associate Warden Bradbury, Cruse, Still, and Perez because they "acted with deliberate indifference in their failure to remedy the lengthly [sic] improper segregation of [Mitchell], in violation of [Mitchell's] right under the Eighth Amendment. . ." Mitchell has not stated an Eighth Amendment violation against these defendants based on his retention in the ASU. "[T]he transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence."[12] As the court stated above, an indeterminate sentence in administrative

---

[9] *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

[10] *Id.* at 567-68 n.11; *see, e.g., Gomez v. Vernon*, 255 F.3d 1118, 1127-28 (9th Cir. 2001) (prisoner alleged injury by claiming he had to quit his law library job in the face of repeated threats by defendants to transfer him because of his complaints about the administration of the library).

[11] *See Rhodes*, 408 F.3d at 568-69.

[12] *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *cf. Neal v. Shimoda*, 131 F.3d 818, 833 (9th Cir. 1997) (contemporary standards of decency are not violated by classification programs which pursue "important and laudable" goals and are instituted under the state's authority to operate correctional facilities).

Case No. C 14-0863 PSG (PR)
ORDER OF PARTIAL DISMISSAL AND DISMISSAL WITH LEAVE TO AMEND

segregation, without more, does not constitute cruel and unusual punishment.[13] Accordingly, this claim is DISMISSED without leave to amend.

Finally, Mitchell names Appeals Examiner M. Townsend for deliberately manipulating established appeal procedures while Mitchell was exercising his right to seek redress. Mitchell alleged that, on July 1, 2012, he submitted an administrative grievance regarding the actions of Still, Cruse, and Bradbury. On August 3, 2012, the appeal was denied. Mitchell appealed the decision, and on August 27, 2012, Townsend cancelled the appeal as untimely. There is no constitutional right to a prison administrative appeal or grievance system; consequently, a prison official's failure to process grievances is not actionable under § 1983.[14] Further, while a prisoner retains a First Amendment right to petition the government for redress of grievances as to the constitutional claim underlying an administrative grievance, he possesses no constitutional right to a response to his grievance from prison officials.[15] Because Mitchell has not alleged facts that state a cognizable claim for relief under Section 1983, his claim against Townsend is DISMISSED without leave to amend.

## CONCLUSION

The court orders as follows:

1. Mitchell's claims against Bradbury, Cruse, Townsend, Still, and Perez are DISMISSED. Mitchell's Eighth Amendment claim against Kocinski is DISMISSED.

2. Mitchell's retaliation claim against Kocinski is DISMISSED WITH LEAVE TO AMEND. If Mitchell can cure the deficiencies described above, Mitchell shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended

---

[13] See Anderson, 45 F.3d at 1315-16.

[14] See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that the prisoner's claimed loss of liberty interest in processing of administrative appeals does not violate due process because prisoners lack separate constitutional entitlement to specific prison grievance system).

[15] See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (holding that the prisoner's First Amendment right of access to courts is not compromised by prison's refusal to entertain grievance).

Case No. C 14-0863 PSG (PR)
ORDER OF PARTIAL DISMISSAL AND DISMISSAL WITH LEAVE TO AMEND

complaint must include the caption and civil case number used in this order (C 14-0863 PSG (PR)) and the words AMENDED COMPLAINT on the first page. Mitchell may not incorporate material from the prior complaint by reference. If Mitchell files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

    3.    Mitchell is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."[16] Defendants not named in an amended complaint are no longer defendants.[17]

    4.    It is Mitchell's responsibility to prosecute this case. He must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: June 9, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[16] *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

[17] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).