Filed
SEP 18 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DESHAWN MITCHELL,

Plaintiff,

v.

K. KOCINSKI,

Defendant.

Case No. C 14-0863 PSG (PR)

**ORDER OF SERVICE AND DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED**

Deshawn Mitchell, a California state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court serves the amended complaint on the defendant, K. Kocinski.

## DISCUSSION

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[1] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

---

[1] *See* 28 U.S.C. § 1915A(a).

defendant who is immune from such relief.[2] *Pro se* pleadings must, however, be liberally construed.[3]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[4]

B. Mitchell's Claims

On September 6, 2011, Mitchell was interviewed by Pelican Bay State Prison's Institutional Gang Investigator K. Kocinski about Mitchell's self-expressed safety concerns.[5] Mitchell stated that he felt unsafe programming on a General Population Yard because Mitchell was in debt and therefore needed to be housed in a General Population Sensitive Needs Yard.[6] Kocinski told Mitchell that he would not endorse Mitchell for that yard because Mitchell refused to become a confidential informant.[7]

On September 21, 2011, Mitchell appeared before the Psychiatric Security Unit - Institutional Classification Committee ("ICC") to have Mitchell's health level of care reduced, as well as to release Mitchell from his Security Housing Unit and into General Population.[8] ICC noted Mitchell's self-expressed safety concerns and stated that the investigation had been completed regarding those concerns, but could not find the documentation regarding the

---

[2] *See* 28 U.S.C. § 1915A(b)(1), (2).

[3] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[4] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[5] Am. Compl. ¶ 1.

[6] *Id.*

[7] *Id.*

[8] *Id.* ¶ 2.

investigation.[9] As a result, Mitchell was placed into punitive administrative segregation housing.[10]

On October 10, 2011, Kocinski was contacted by the ICC regarding the status of the investigation and Kocinski falsely stated that the memorandum detailing the investigation was in progress.[11] Actually, Mitchell asserts, the investigation had been completed on September 6, 2011.[12]

On October 12, 2011, Mitchell again appeared before the ICC regarding the investigation of his self-expressed safety concerns.[13] The ICC again could not find documentation of the investigation.[14] Again, Mitchell was retained in punitive administrative segregated housing, which deprived Mitchell of job assignments, being able to participate in religious services, and receive contact visits.[15]

On April 10, 2012, Mitchell filed an administrative grievance against Kocinski.[16]

On April 18, 2012, Mitchell again appeared before the ICC and was told that he would be re-interviewed regarding his self-expressed safety concerns.[17]

On August 2, 2012, Kocinski informed the ICC that the interview had not been

---

[9] *Id.*

[10] *Id.*

[11] *Id.* ¶ 3.

[12] *Id.*

[13] *Id.* ¶ 4.

[14] *Id.*

[15] *Id.*

[16] *Id.* ¶ 6.

[17] *Id.* ¶ 7.

completed because Kocinski was unaware that he was assigned to the re-investigation.[18] As a result, Mitchell was retained in punitive administrative segregation for an additional four months.[19]

On August 7, 2012, Mitchell was interviewed by Sergeant C. Countess who was assigned to take over Kocinski's job of interviewing Mitchell.[20] Mitchell informed Sergeant Countess of his self-expressed safety concerns and requested placement in a General Population Sensitive Needs Yard.[21] Sergeant Countess thereafter told Mitchell that he would endorse him for a General Population Sensitive Needs Yard.[22]

On October 31, 2012, Mitchell appeared before the ICC and was endorsed for a General Population Sensitive Needs Yard and ordered released from punitive administrative segregation.[23]

Liberally construed, Mitchell has raised a cognizable claim that Kocinski violated Mitchell's First Amendment right by retaliating against him for exercising his right to be free from harm and his right to file grievances.

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (Docket No. 10), a Magistrate Judge consent form, and a copy of this order to **Correctional Officer K. Kocinski** at **Pelican Bay State Prison**.

---

[18] *Id.* ¶ 8.

[19] *Id.*

[20] *Id.* ¶ 9.

[21] *Id.*

[22] *Id.*

[23] *Id.* ¶ 10.

The Clerk also shall mail a courtesy copy of the amended complaint and a copy of this order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this order to Mitchell.

3. Kocinski is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Kocinski, after being notified of this action and asked by the court, on behalf of Mitchell, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver form. If service is waived, this action will proceed as if Kocinski had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Kocinski will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent. Kocinski is asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Kocinski has been personally served, the answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

4. No later than sixty (60) days from the date the waiver is sent, Kocinski shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint. At that time, Kocinski shall also submit the Magistrate Judge's consent form.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Fed. R. Civ. P. 56. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Kocinski is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.

5 Mitchell's opposition to the dispositive motion shall be filed with the court and served on Kocinski no later than twenty-eight (28) days from the date Kocinski's motion is filed.

Mitchell is advised to read Rule 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

6. Kocinski shall file a reply brief no later than fourteen (14) days after Mitchell's opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

7. All communications by Mitchell with the court must be served on Kocinski or Kocinski's counsel, by mailing a true copy of the document to Kocinski or Kocinski's counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

9. It is Mitchell's responsibility to prosecute this case. Mitchell must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 9.18.14

PAUL S. GREWAL
United States Magistrate Judge